ANDERSON-HARRINGTON COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 743. Promulgated April 7, 1927.

Debts ascertained to be worthless and charged off allowed as deductions.

*Arthur H. Laws, Esq.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in the income and profits taxes of the petitioner for the years 1921 and 1922, in the respective amounts of $939.66 and $210.41. The deficiencies result from the Commissioner's disallowance of certain deductions for bad debts alleged to have been ascertained to be worthless and charged off in the years in question.

### FINDINGS OF FACT.

The petitioner, a Colorado corporation with principal offices in the City of Denver, is, and was during the taxable years, engaged in the sale of coal, hay, feed, and grain at retail to several hundred customers, both for cash and on credit. The charge accounts were kept upon loose-leaf ledger cards, each customer having a separate card or series of cards, upon which were entered all charges for merchandise sold and all credits for payments made.

The principal officers of the corporation, who were also the principal stockholders, were in direct and active control and management of the business. The petitioner had been engaged in business in Denver for a number of years prior to the taxable year, and its officers were personally acquainted with practically all its customers, their occupations and circumstances.

The petitioner charged off its books as worthless open accounts aggregating $5,858.63 in the year 1921, and $2,477.16 in the year 1922, and in its income-tax returns for said years took the respective amounts as deductions of bad debts. The accounts so charged off, approximately 600 in number, were in varying amounts, from a few dollars to three or four hundred dollars. They covered different periods ending with the years in question, one having been opened as early as 1914. On some accounts no debits or credits were made for periods of two or more years, and as to some customers cash sales were made while their open accounts remained unpaid. All of said accounts were carried as active, live or current accounts until the year in which charged off. Many of them had been turned over to collection agencies and were reported on adversely before being charged off.

In each of the years involved the principal officers, with the bookkeeper who has been employed by the petitioner in that capacity since 1910, took up the open accounts and discussed individually those that were considered poor, for the purpose of determining which ones were collectible. These officers and the bookkeeper determined each year, in the light of their personal knowledge of the individual customer, his circumstances and ability to pay, which of the accounts were worthless and uncollectible. The card records of those accounts so determined to be worthless were withdrawn from the file of current or live accounts, and the total amount of such accounts was entered in the ledger in a lump sum as a charge off of bad debts. None of the accounts charged off in 1921 and 1922, respectively, had been ascertained to be worthless and charged off by the petitioner in prior years, and none of them has been since paid.

The respondent disallowed $5,424.02 of the $5,858.63 claimed as a deduction of bad debts for 1921 and $2,142.33 of the $2,477.16 claimed as a deduction of bad debts for 1922. Such disallowances were made upon the ground that the amounts disallowed should have been written off as worthless in prior years.

OPINION.

VAN FOSSAN : Section 234(a) of the Revenue Act of 1921 provides, in part:

That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions :

\*        \*        \*        \*        \*        \*        \*

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) \* \* \*.

The officers of this petitioner knew most of its customers and had personal knowledge of their affairs and financial circumstances. In the light of this knowledge the debts in question were ascertained to be worthless and were charged off within the taxable years. We think that the petitioner has complied with the requirements of the law and is entitled to the deductions claimed. Nor is it fatal to the contention of petitioner that it sold merchandise, for cash, to certain customers whose accounts remained unpaid or had been written off as worthless. *Appeal of Midland Coal Co.*, 1 B. T. A. 311.

The respondent erred in disallowing the deduction of bad debts in the sum of $5,424.02 for the year 1921 and in the sum of $2,142.33 for the year 1922.

*Judgment will be entered for the petitioner.*